IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELANIE MILLS,**

    **Plaintiff,**                                          **Case No. 2:13-cv-00533**
                                                          **Judge Gregory L. Frost**
**v.**                                                                **Magistrate Judge Kemp**

**DEUTSCHE BANK NATIONAL**
**TRUST COMPANY, et al.,**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Deutsche Bank National Trust Company's motion to dismiss (ECF No. 11), Plaintiff Melanie Mills' memorandum contra Defendant's motion (ECF No. 16), and Defendant's reply brief in support of its motion (ECF No. 21).  For the reasons set forth below, the Court **GRANTS** Defendant's motion.

**I.**

Plaintiffs' complaint alleges the following facts, which the Court treats as true for purposes of determining whether Plaintiff states a valid claim for relief.  *See Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

Plaintiff Mills is an individual who resides at 8390 Gilmerton Court in Dublin, Ohio.  Plaintiff signed a mortgage with New Century Mortgage Corporation ("New Century") on July 21, 2004, in the amount of $486,000 in connection with the refinancing of her home.  An assignment of the mortgage from New Century to Defendant Deutsche Bank Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-3 ("Deutsche Bank") was executed on December 19, 2005 by Jeff Neal is "Vice President" of New Century and recorded

1

on January 11, 2006 in the Franklin County (Ohio) Recorder's Office. Plaintiff alleges that there was a "cut-off date" of March 7, 2005, for transfer of mortgages into the Loan Trust. Accordingly, Plaintiff alleges that the assignment of the mortgage to Deutsche Bank as indenture trustee was invalid.

In 2007, Deutsche Bank filed a foreclosure action in state court against Plaintiff, who removed it to this Court. *See Deutsch Bank Nat'l Trust Co. v. Mills*, No. 2:07-cv-1016 (filed Oct. 5, 2007). That case was ultimately dismissed voluntarily by stipulation of the parties. Though Plaintiff does not specifically allege in the Complaint here that there was a settlement between the parties to dispose of the previous foreclosure action, Plaintiff refers to having entered into a loan modification agreement with Deutsche Bank. (Compl., ECF No. 1 at ¶ 27.)

Plaintiff made timely payments on her mortgage until November 2012. (*Id.* at ¶ 28.) By letter dated May 21, 2013, Plaintiff was informed that she owed the past due sum of $16,611.57 to Defendant Deutsche. It is not alleged that Defendant has commenced any foreclosure action with respect to the subject property.

Plaintiff commenced this lawsuit in June 2013, alleging eight counts: breach of contract (Count I), fraud (Count II), violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 (Count III), violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (Count IV), violations of the Truth in Lending Act, 12 U.S.C. § 1601 and regulation Z-26 C.F.R. 226 (Count V), quiet title (Count VI), promissory estoppel (Count VII), and injunction (Count VIII). Deutsche Bank and the Franklin County Treasurer are named as Defendants in the action. Deutsche Bank moves for an order dismissing Plaintiff's complaint against it under Fed. R. Civ. P. 12(b)(6) for failure

to state a claim upon which relief can be granted. (ECF No. 11.)[1] The motion has been fully briefed and is ripe for this Court's adjudication.

## II.

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, (1974)). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. Rather, challenges to the merits of a plaintiff's claim should be "dealt with through summary judgment under Rule 56." *Swierkiewicz*, 534 U.S. at 514.

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court readdressed the pleading requirements under the Federal Rules. The Court stressed that, although a complaint need not plead "detailed factual allegations," those allegations "must be enough to raise a right to relief above the speculative level." 550 U.S. 544, 545 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

---

[1] The Court's docket indicates that the Franklin County Treasurer was served in this action (ECF No. 20) but has not entered an appearance.

Although Fed. R. Civ. P. 8 establishes a "liberal system of notice pleading," *see E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001), "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, to survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id. See also Swierkiewicz*, 534 U.S. at 508 n.1; *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's"); *Scheuer*, 416 U.S. at 236 (a well-pleaded complaint may proceed, even if it appears "that a recovery is very remote and unlikely").

## III.

Deutsche Bank bases its motion to dismiss on one argument—that all of Plaintiff's claims alleged in the Complaint are based upon Deutsche Bank's failure to comply with "applicable pooling and servicing agreement(s) and validity of mortgage assignments." (Def.'s Mot., ECF No. 11 at PageID# 70.)  With the Complaint so framed, Deutsche Bank argues that Plaintiff lacks standing to assert the alleged claims.  Relying on a number of cases from federal and state courts in Ohio, Deutsche Bank contends that a mortgagor like Plaintiff lacks standing "as a non-party to the assignment between assignor and assignee" to challenge the validity of an assignment. Deutsche Bank further argues that Plaintiff lacks standing to challenge a trustee's standing to enforce the mortgage debt based on a theory that a mortgage was not validly conveyed into the trust per the requirements of a pooling and servicing agreement.

### A. *Lack of Standing to Challenge Assignment*

Plaintiff alleges that the invalidity of the assignment from New Century to Deutsche Bank resulted in either a breach of contract (Count I), the breach of a promise under promissory estoppel principles (Count VII), a fraud (Count II), or a violation of the FCRA, FDCPA, and/or TILA (Counts III, IV, and V). Plaintiff also seeks to quiet title on the basis of the invalidity of the assignment (Count VI). Deutsche Bank argues that Plaintiff lacks standing to challenge the assignment and therefore cannot state a valid claim for relief in any of these counts.

With respect to Count VI of the Complaint, alleging a quiet title action under Ohio Rev. Code § 5303.01, Deutsche Bank's argument for dismissal is well taken. In her quiet title action, Plaintiff seeks a declaration that title to the subject property is vested in her alone because of the invalidity of the assignment of mortgage to Deutsche Bank. Plaintiff, however, lacks standing to challenge the validity of the assignment. In *Bridge v. Aames Capital Corp.*, No. 1:09-cv-2947, 2010 WL 3834059 (N.D. Ohio Sept. 29, 2010), the court addressed a similar challenge by homeowners to the assignment of their mortgage. The homeowners in *Bridge* asserted a declaratory judgment claim and a quiet title claim, seeking to have the mortgage and the assignment declared void and unenforceable. The Court dismissed those claims for lack of standing under Fed. R. Civ. P. 12(b)(6), finding that a debtor may not challenge an assignment between assignor and assignee. The *Bridge* court explained:

> Courts have routinely found that a debtor may not challenge an assignment between an assignor and assignee. *See, e.g., Livonia Property Holdings v. Farmington Road Holdings,* No. 10–1159, slip op., 2010 WL 1956867 1, 7 (E.D.Mich. May 13, 2010) (holding that the plaintiff borrower did not have standing to dispute the validity of an assignment between assignor and assignee because plaintiff was "a non-party to those documents."); *Ifert v. Miller,* 138 B.R. 159 (Bankr.E.D.Pa.1992). In *Ifert,* the court explained that a debtor lacks standing to challenge an assignment under Texas law because:

5

> [The underlying contract] is between [Debtor] and [Assignor]. [Assignor's assignment contract is between [Assignor] and [Assignee]. The two contracts are completely separate from one another. As a result of the assignment of the contract, [Debtor's] rights and duties under the [underlying] contract remain the same: The only change is to *whom* those duties are owed.... [Debtor] was not a party to [the assignment], nor has a cognizable interest in it. Therefore, [Debtor] has no right to step into [Assignor's] shoes to raise [its] contract rights against [Assignee]. [Debtor] has no more right than a complete stranger to raise [Assignor's] rights under the assignment contract.

*Id.* at 166 n. 13.

The Sixth Circuit reached a similar conclusion in *Rogan v. Bank One,* 457 F.3d 561 (6th Cir.2006), where the plaintiff, acting as trustee for a bankruptcy estate, challenged the assignment of the original creditor's interest in the mortgage to another bank. The Sixth Circuit agreed with the bankruptcy court that found the assignment to be immaterial "because neither the debtors nor the Trustee [were] parties to the [assignment].... They lack standing to enforce it; they cannot claim to have relied on it." *Id.* at 567; *See also; Liu v. T & H Mack, Inc.* 191 F.3d 790, 797 (7th Cir.1999) (party to underlying contract lacks standing to "attack any problems with the reassignment" of that contract); *Blackford v. Westchester Fire Ins. Co.,* 101 F. 90, 91 (8th Cir.1900) ("As long as no creditor of the assignor questions the validity of the assignment, a debtor of the assignor cannot do so."); Richard A. Lord, 29 Williston on Contracts § 74:50 (4th Ed.) ("[T]he debtor has no legal defense [based on invalidity of the assignment] ... for it cannot be assumed that the assignee is desirous of avoiding the assignment.").

*Bridge*, 2010 WL 3834059 at *3-4; *accord Thomas v. Deutsche Bank Nat. Trust Co.*, No. 2:11-cv-866, 2012 WL 1854297, at *2 (S.D. Ohio May 21, 2012) (Frost, J.). Accordingly, the Court dismisses Count VI.

The Court also finds well taken Deutsche Bank's argument for dismissal with respect to the remaining counts in the Complaint. As a technical matter, *Bridge* is not squarely on point because Plaintiff in these counts is not, as a technical matter, seeking a declaratory judgment that the assignment is invalid. But this distinction does not make a difference. As another judge of this Court has held, the standing rationale applies with equal force to cases in which a plaintiff's

6

claim is predicated on the alleged invalidity of an assignment. *See Slorp v. Lerner*, No. 2:12-cv-498, 2013 U.S. Dist. LEXIS 32538, at *13-15 (S.D. Ohio Mar. 8, 2013) (Sargus, J.) Thus, Judge Sargus found that Plaintiff's lack of standing to challenge the assignment in that case necessarily foreclosed Plaintiff from asserting claims, including an FDCPA claim, which rested upon a theory that the assignment at issue was invalid. *Id.*

For the reasons set forth in *Slorp*, the Court likewise finds that Plaintiff cannot bring the alleged claims in this case insofar as all are based on an alleged invalidity of the assignment of the mortgage from New Century to Deutsche Bank.

### B. *Counts II and VIII of Plaintiff's Complaint*

The Court also notes that Counts II and VIII of the Complaint are easily disposed of for other reasons. As to Count II of Plaintiff's complaint, alleging fraud, Plaintiff bases her fraud claim on the foreclosure action that Defendant previously brought, which was ultimately dismissed. Plaintiff's alleges "misrepresentations in the foreclosure complaint and other pleadings," resulted in the bringing of a foreclosure action by "parties who lacked standing to foreclose." (Compl. ¶ 57.) There are two principal deficiencies in this claim that prevent Plaintiff from stating a valid claim for relief.

First, Plaintiff has not pleaded a viable misrepresentation upon which to base a claim of fraud. The entire basis of the fraud claim consists of the "misrepresentations" contained in the foreclosure complaint and other pleadings associated with the previous foreclosure action brought by Deutsche Bank. The Court has previously rejected such a claim because such representations are made *to the court* (*i.e.*, a third party) and not to Plaintiff. *See BAC Home Loans Servicing LP v. Fall Oaks Farm LLC*, No. 2:11-cv-274, 2013 WL 210729, at *5

(collecting cases). Thus, Plaintiff cannot maintain a fraud claim based on the allegations in her Complaint.

Second, even if Plaintiff had pleaded a cognizable misrepresentation upon which to base fraud, she has not pleaded with requisite particularity her reliance on the alleged misrepresentations. Plaintiff alleges simply, "Plaintiff Mills, as well as the Court, and the Franklin County Recorder's Office, justifiably relied upon Defendant Deutsche's misrepresentations." (Compl. ¶ 59.) This is a far too conclusory allegation to support a fraud claim. *See Thomas*, 2012 WL 1854297 at *8 (finding that plaintiffs failed to allege fraud with requisite particularity because "they do not offer factual allegations explaining or even suggesting how" they relied on alleged misrepresentations).

Count VIII is subject to dismissal also, even without the standing problem previously described. In Count VIII, Plaintiff alleges a purported claim for "injunction, in the alternative." (Compl., ECF No. 1 at PageID# 19.) Plaintiff prays for an injunction that prevents Deutsche Bank from engaging in certain practices, including collecting monthly mortgage payments due to the allegedly invalid assignments of mortgages to Deutsche Bank from New Century Mortgage Corporation. (*Id.* ¶ 99.) The problem with Plaintiff's injunction "claim" is that it is not a claim at all. Count VIII does not present an actual claim for relief because an injunction is a remedy, not a claim for relief unto itself. *See Thomas*, 2012 WL 1854297, at *3; *Blue Group Resources, Inc. v. Caiman Energy, LLC*, No. 2:11-cv-648, 2013 U.S. Dist. LEXIS at *15-16 (S.D. Ohio July 22, 2013) (Frost, J.) In any event, Plaintiff's request for an "injunction" is tantamount to a declaration that the assignment of the mortgage to Deustche Bank in this case was invalid. As set forth above with respect to Count VI, Plaintiff does not have standing to challenge the validity of the assignment.

8

## IV.

For the foregoing reasons, the Court **GRANTS** Defendant Deutsche Bank's motion to dismiss.  (ECF No. 11.)  The Court **DISMISSES** Plaintiff's Complaint as to Defendant Deutsche Bank.  The case remains pending as to Defendant Franklin County Treasurer.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE